UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL QUINTERO,<br><br>              Plaintiff,<br><br>  v.<br><br>T. MIKE, *et al.*,<br><br>              Defendants. | Case No. 1:23-cv-01737-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMOVAL, CONSOLIDATION, AND COUNSEL, AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF Nos. 13, 14)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Daniel Quintero is a prisoner proceeding *pro se* and *in forma* pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his pleadings, Plaintiff alleges that a correctional officer refused to transfer his cell, directed a search of his cell that destroyed religious items, and placed him in another cell with a dangerous inmate.

For the reasons stated below, the Court denies Plaintiff's motion for removal, consolidation, and counsel. (ECF Nos. 13), and gives Plaintiff one further opportunity to file an amended complaint that is complete in itself without reference to any other documents.

**I.      BACKGROUND**

Plaintiff filed the complaint commencing this action on August 14, 2023. (ECF No. 1). On May 15, 2024, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claims, and granted Plaintiff leave to file amended complaint. (ECF No. 10).

1

Plaintiff then filed a First Amended Complaint (FAC) on May 28, 2024. (ECF No. 11). The Court again screened Plaintiff's complaint, again found it failed to state any cognizable claims, and granted Plaintiff leave to file amended complaint. (ECF No. 12).

On July 19, 2024, Plaintiff filed a motion titled "Notice of Removal." (ECF No. 13). In the motion, Plaintiff sees "removal" of his federal cases and asks the Court to consolidate his cases pending in the Eastern and Southern Districts of California and to appoint him counsel.

On July 24, 2024, Plaintiff filed a document that is labelled "Second Amended Complaint" (SAC). (ECF No. 14). However, the document appears to be a response to the Court's screening order rather than an amended complaint. Even though it was filed on a standard "amended civil rights complaint" form, the form itself is largely blank. In place of description of claims, it states "see attached response to recommendation to file 2nd Amended Complaint," (ECF No. 14 at 3), which appears to be a reference to the Court's second Screening Order (ECF No. 12). Attached to the amended complaint form is a handwritten statement (ECF No. 14 at 5), with section titled "Amended Response to Section (B)" (ECF No. 14 at 5) and has "Res. To Item (C)" (ECF No. 14 at 6), which seem to respond to Section "B. Linkage Requirement and Supervisory Liability" (ECF No. 12 at 6), and Section "C. Failure to Protect" (ECF No. 12 at 8) in the second Screening Order, respectively.

**II.      ANALYSIS**

**A.  Plaintiff's Motion for Removal, Consolidation, and Counsel**

**1.  Notice of removal**

In his "Notice of Removal," Plaintiff asserts he has grounds for removal of his federal cases, citing 28 U.S.C. § 1446. (ECF No. 13 at 7). This statute allows defendants to remove a civil action pending in state court to federal court. ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . .").

However, Plaintiff's case is already in federal court.  Therefore, removal is unnecessary. Plaintiff's motion for removal is thus denied.

### 2. Consolidation

"District Court judges have 'broad discretion' regarding the assignment or reassignment of cases." *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991). "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)–(3); *see also* L.R. 123(a) ("both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort . . .") "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

Plaintiff identifies three cases he has pending in the Eastern District of California and one case in the Southern District of California:

1) *Quintero v. Lemon*, 1:23-cv-01196-BAM (PC) (E.D. Cal.), alleging that in July of 2022, Plaintiff was left without power in his cell for several days; the complaint has not yet been screened.

2) *Quintero v. Lemon, et al.*, 1:23-cv-01233-KES-SAB (PC) (E.D. Cal.), alleging that Defendant Oxborrow confiscated and destroyed property from Plaintiff's cell, then lied on the report to conceal the seizure and destruction his property. The case has been screened and, after an opportunity to amend, dismissal has been recommended.

3) *Quintero v. Mike, et al.*, 1:23-cv-01737-EPG (PC) (E.D. Cal.), the instant case, alleging that around August of 2022, correctional officer Mike at Pleasant Valley State Prison refused to transfer his cell, directed a search of his cell that destroyed religious items, and placed him in another cell with a dangerous inmate; the case has been screened;

4) *Quintero v. Hill, et al.*, 3:24-cv-01141-AJB-KSC (PC) (S.D. Cal), alleging denial water during transfer between prisons; the case has not been screened yet.

1    (ECF No. 13 at 4). Plaintiff asks that these cases be "joined as one case under one judge(s)."
2    (*Id.*) Plaintiff argues that all Defendants are employed by the same corporation, trained under a
3    standard policy and procedure, and are represented by the same counsel. (*Id.*) The jury would
4    only have to be instructed once. (*Id.*)

5          Plaintiff's motion to consolidate will be denied because they do not involve similar
6    questions of fact and the same question of law, and consolidating them would not serve the
7    interests of judicial economy. These cases lack factual similarity and are in different stages of
8    proceedings, with some having not yet been screened, and others awaiting dismissal.
9    Consolidating them, therefore, would not promote efficiency in discovery and case
10   management. *Mazik v. Kaiser Permanente, Inc.*, No. 2:19-CV-00559-DAD-JDP, 2024 WL
11   3011214, at *10 (E.D. Cal. June 14, 2024) (citing *Lexington Ins. Co. v. Scott Homes*
12   *Multifamily, Inc.*, No. 12-cv-02119-JAT, 2013 WL 4026883, at *2 (D. Ariz. Aug. 7, 2013)
13   (denying a motion to consolidate where "the cases share a common factual background in a
14   general sense" but "the specific facts in both suits are completely different" because "there is
15   unlikely to be a substantial duplication of effort that would be saved if both cases were being
16   heard by one judge")).

17         Accordingly, the Court denies Plaintiff's request to consolidate his federal cases.

### 3. Appointment of counsel

19         Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*
20   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d
21   952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to
22   28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of*
23   *Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may
24   request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at
25   1525.

26         Without a reasonable method of securing and compensating counsel, the Court will seek
27   volunteer counsel only in the most serious and exceptional cases. In determining whether
28   "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

4

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel. After the review of Plaintiff's pleadings, however, it appears that the legal issues involved are not extremely complex and that Plaintiff is able to articulate the facts underlying his claims in great detail. Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

### B. Amended Complaint

In both of its screening orders, the Court explained that if Plaintiff chooses to file an amended complaint, that complaint "supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220." (ECF No. 10 at 13; ECF No. 12 at 15).

Although Plaintiff filed what is labelled a Second Amended Complaint, (ECF No. 14), that document appears to be a response to the Court's screening order, rather than a true complaint. It does not contain all of Plaintiff's complaint or factual allegations, and it references other documents.  This is improper. Plaintiff's amended complaint should include all claims and allegations without reference to an earlier document.

The Court will therefore give Plaintiff one final opportunity to file an amended complaint, which must be complete in itself without reference to any earlier documents.[1]

In the alternative, Plaintiff may file a statement with the Court that he wants to stand on his Second Amended Complaint (ECF No. 14), in which case the Court will screen it but without reference to any earlier complaint or document.

\\\

\\\

---

[1] If the Court determines that Plaintiff's complaint should be dismissed, it will issue Findings and Recommendations to the District Judge, and Plaintiff will have an opportunity to file objections to those Findings and Recommendations to the extent he disagrees.

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS ORDERED** that:

1. Plaintiff's motion for consolidation, removal, and appointment of counsel (ECF No. 13) is **DENIED**.
2. Along with this Order, the Clerk of Court is directed to send Plaintiff a blank civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a Third Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on his Second Amended Complaint.
4. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:23-cv-01737-EPG; this complaint must be complete in itself without reference to the prior or superseded pleading or another document, and
5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **September 10, 2024**        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE