UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL QUINTERO,<br><br>        Plaintiff,<br><br>        v.<br><br>T. MIKE, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01737-EPG (PC)<br><br>ORDER DIRECTING CLERK<br>TO ASSIGN DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN 30 DAYS |

   Plaintiff Daniel Quintero is a prisoner proceeding *pro se* and *in forma* pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his pleadings, Plaintiff alleges that a correctional officer refused to transfer his cell, directed a search of his cell that destroyed religious items, and placed him in another cell with a dangerous inmate.

   For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute.

## I. BACKGROUND

Plaintiff filed the complaint commencing this action on August 14, 2023. (ECF No. 1). On May 15, 2024, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claims, and granted Plaintiff leave to file amended complaint. (ECF No. 10).

Plaintiff then filed a First Amended Complaint (FAC) on May 28, 2024. (ECF No. 11). The Court again screened Plaintiff's complaint, again found it failed to state any cognizable claims, and granted Plaintiff leave to file amended complaint. (ECF No. 12).

On July 24, 2024, Plaintiff filed a document that is labelled "Second Amended Complaint" (SAC). (ECF No. 14). However, the document appears to be a response to the Court's screening order rather than an amended complaint. Even though it was filed on a standard "amended civil rights complaint" form, the form itself is largely blank. In place of description of claims, it states "see attached response to recommendation to file 2nd Amended Complaint," (ECF No. 14 at 3), which appears to be a reference to the Court's second Screening Order (ECF No. 12). Attached to the amended complaint form is a handwritten statement (ECF No. 14 at 5), with section titled "Amended Response to Section (B)" (ECF No. 14 at 5) and has "Res. To Item (C)" (ECF No. 14 at 6), which seem to respond to Section "B. Linkage Requirement and Supervisory Liability" (ECF No. 12 at 6), and Section "C. Failure to Protect" (ECF No. 12 at 8) in the second Screening Order, respectively.

On September 10, 2024, the Court issued an order giving Plaintiff one final opportunity to file an amended complaint within 30 days. (ECF No. 15). The Court advised Plaintiff that this amended complaint "must be complete in itself without reference to any earlier documents." (*Id.* at 5). In the alternative, the Court stated that Plaintiff "may file a statement with the Court that he wants to stand on his Second Amended Complaint (ECF No. 14), in which case the Court will screen it but without reference to any earlier complaint or document." (ECF No. 15 at 5).

The deadline to respond to the Court's order has now passed, and Plaintiff has not filed a third amended complaint or a statement with the Court that he wishes to proceed on his second amended complaint, or had otherwise communicated with the Court.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III. ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file a third amended complaint or otherwise notify the Court that he wants to stand on his second amended complaint as required by a court order. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's

failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status. (*See* ECF No. 9). And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

## IV.  CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, **IT IS ORDERED** that the Clerk of the Court randomly assign a district judge to this action.

The Court further **RECOMMENDS** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 22, 2024**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE